## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TODD JAY SCHOENROGGE,   )
   )
       Plaintiff,   )
   )
vs.   )     Case No. 07-1021-JTM
   )
SAM BROWNBACK,   )
   )
       Defendant.   )
_____)

## ORDER GRANTING IFP STATUS AND
## REPORT AND RECOMMENDATION OF DISMISSAL

Plaintiff Todd Jay Schoenrogge has filed an "Application for Leave to File Action Without Payment of Fees, Costs, or Security" (IFP Application). (Doc. 3, sealed.) Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.* There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See Yellen v. Cooper*, 82 F.2d 1471 (10th Cir. 1987).

In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van*

*Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); ***Webb***

***v. Cessna Aircraft***, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000)

(denying motion because "Plaintiff is employed, with monthly income exceeding

her monthly expenses by approximately $600.00").

A review of the affidavit filed by Plaintiff satisfies the Court that he is

entitled to file this action without payment of fees and costs.  Although he lists

only one financial obligation, automobile insurance, it appears he has little or no

current income other than "the charity of relatives."  (Doc. 3, sealed, at 6.)

Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and

directs that this case be filed without payment of a filing fee.

The Court also has the authority pursuant to 28 U.S.C. § 1915(e)(2), to

dismiss the case at any time if the court determines that the action is (I) frivolous or

malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks

monetary relief against a defendant that is immune from such relief.  A complaint

should not be dismissed for failure to state a claim unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would

entitled him to relief. ***Conley v. Gibson,*** 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2

L.Ed.2d 80 (1957).  The Court must also construe a *pro se* plaintiff's complaint

liberally under this standard. ***Northington v. Jackson,*** 973 F.2d 1518, 1521 (10th

2

Cir. 1992).

Reviewing Plaintiff's complaint in this case pursuant to the above standards, the Court has no choice but to recommend that Plaintiff's claims be found to be frivolous.  In this mandamus action, Plaintiff invokes 28 U.S.C. § 1361 to request an order directing U.S. Senator Sam Brownback "to call for the investigation and prosecution" of certain Department of Justice employees who, according to Plaintiff's accusations, "violated federal laws as alleged in [Plaintiff's] July 17, 2006 letter to Mr. Brownback's office."  (Doc. 1 at 2.)

Section 1361 bestows original jurisdiction upon district courts for mandamus actions "to compel an officer or employee of the United States or any agency thereof **to perform a duty owed to the plaintiff**."  (Emphasis added.) Mandamus involves a judicial "usurpation of power" that will be exercised only in "exceptional circumstances."  **Will v. United States**, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967) (citing **De Beers Consol. Mines, Ltd. v. United States**, 325 U.S. 212, 217, 65 S.Ct. 1130, 1132, 89 L.Ed. 1566 (1945)).

> Historically, mandamus is an extraordinary remedial process awarded only in the exercise of sound judicial discretion.  Before such a writ may issue, it must appear that the claim is clear and certain and the duty of the officer involved must be ministerial, plainly defined, and peremptory.  **Huddleston v. Dwyer**, 145 F.2d 311 (10th Cir. 1944). The duty sought to be exercised must be a

3

positive command and so plainly prescribed as to be free from doubt. ***Wilbur v. United States ex rel. Kadrie***, 281 U.S. 206, 50 S.Ct. 320, 74 L.Ed. 809 (1930).

***Prairie Band of Pottawatomie Tribe of Indians v. Udall***, 355 F.2d 364, 367 (10th Cir. 1966).  Before a writ of mandamus may properly issue, the following three factors must coexist:  (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available. ***Carter v. Seamans***, 411 F.2d 767, 773 (5th Cir. 1969); *see also **Burnett v. Tolson***, 474 F.2d 877, 880 (4th Cir. 1973).

In the Court's opinion, Plaintiff's claims must fail because he cannot establish the first two factors.[1]  Although Plaintiff has cited U.S.C. § 1361, he has not identified the underlying basis for any alleged right he has to the requested relief.  Further, Plaintiff has not identified the basis for his contention that Senator Brownback owes him a duty to call for the requested investigations and prosecutions.  Under these circumstances, Senator Brownback's supposed duty to Plaintiff is anything but "free of doubt." ***Udall***, 355 F.2d at 367.

"[T]he common law writ of mandamus, as codified in 28 U.S.C. § 1361 , is intended to provide a remedy for a plaintiff only if he has exhausted all other

---

[1]  Because Plaintiff cannot establish the first two factors, the Court need not address the third factor, whether another adequate remedy is available to Plaintiff.

4

avenues of relief and only if the defendant owes him a clear **non-discretionary**

**duty**." *Heckler v. Ringer*, 466 U.S. 602, 616-17, 104 S.Ct. 2013, 2022, 80

L.Ed.2d 622 (1984) (emphasis added); *see also Kerr v. United States District*

*Court*, 426 U.S. 394, 403, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725 (1976).  Even

assuming Senator Brownback has the duty to investigate and/or prosecute the

incidents alleged by Plaintiff, other courts have consistently held in analogous

situations that such a duty would be discretionary.

The plaintiff in *Powell v. Katzenbach* sought a similar writ of mandamus

against the United States Attorney General. The court held that

> [i]t is well settled that the question of whether and when
> prosecution is to be instituted is within the discretion of
> the Attorney General. Mandamus will not lie to control
> the exercise of this discretion.

359 F.2d 234, 235 (1965), *cert. denied*, 384 U.S. 906, 86 S.Ct. 1341, 16 L.Ed.2d

359 (1966) (citation omitted).  The Fifth Circuit came to a similar holding in regard

to a mandamus action brought against the United States Attorney, holding that

> [t]he attorney for the United States is . . . an executive
> official of the Government, and it is as an officer of the
> executive department that he exercises a discretion as to
> whether or not there shall be a prosecution in a particular
> case.  It follows, as an incident of the constitutional
> separation of powers, that the courts are not to interfere
> with the free exercise of the discretionary powers of the
> attorneys of the United States in their control over

5

criminal prosecutions.

*United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965) (footnote omitted), *cert.*

*denied*, *Cox v. Hauberg*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965).[2]

The Court finds that Senator Brownback's duty, if any, to investigate or prosecute

the alleged incidents would likewise be subject to his discretion.  Thus, the Court

should not interfere with this decision.

      **IT IS THEREFORE ORDERED** that Plaintiff's Motion for leave to

proceed *in forma pauperis* (Doc. 3, sealed) is **GRANTED** and that this case be

filed without payment of a filing fee.

      **IT IS THEREFORE RECOMMENDED**, however, that this case be

**DISMISSED** as frivolous pursuant to 28 U.S.C. §1915(e).

      **IT IS FURTHER ORDERED** that the clerk need not serve the Complaint

upon Defendants.  *See Henriksen v. Bentley*, 644 F.2d 852 (10th Cir. 1981).

      A copy of the recommendation shall be sent to Plaintiff *via* certified mail.

Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4,

Plaintiff shall have ten days after service of a copy of these proposed findings and

---

    [2]  The Constitutional separation of powers also precludes any consideration by this Court of plaintiff's request that "this Court seek criminal prosecution of Mr. Brownback for the crime of misprison of a felony."  (Doc. 1 at 2.)

recommendations to serve and file with the U.S. District Judge assigned to the case, his written objections to the findings of fact, conclusions of law, or recommendations of the magistrate judge.  A party's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

Dated at Wichita, Kansas, on this 19th day of April, 2007.

 s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

7