IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD J. SCHOENROGGE,

    Plaintiff,

vs.                                  Case No. 07-1021-JTM

SAM BROWNBACK,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the motion for reconsideration of pro se plaintiff Todd Jay Schoenrogge. On May 29, 2007, the court, following the Report and Recommendations submitted by the United States Magistrate Judge, dismissed Schoenrogge's action as frivolous under 28 U.S.C. § 1915(e)(2). As the court noted then, Schoenrogge seeks a mandamus order against United States Senator Sam Brownback requiring him to call for the investigation and prosecution of various acts of alleged criminality cited by the plaintiff. The Magistrate Judge submitted, and the court concurred, that such action on the part of a Senator is a purely discretionary act, and hence not subject to mandamus. *See Powell v. Katzenbach*, 359 F.2d 234 (1965), *cert. denied*, 384 U.S. 906 (1966).

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the

moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Schoenrogge's motion for reconsideration fails to present any valid basis for reconsideration; he merely reiterates his arguments that various people committed crimes, including the forging of his signature. He presents no authority which would support an order of mandamus, and nothing to demonstrate any error in the court's prior order.

IT IS ACCORDINGLY ORDERED, this 25th day of July, 2007 that the plaintiff's Motion for Reconsideration (Dkt. No. 8) is hereby denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE